UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-CV-10628-PD                      Date: February 6, 2026

Title    _Luz Zendejas v. Vigor Plus, et al._

Present:  The Honorable:   Patricia Donahue, United States Magistrate Judge

|  Isabel Verduzco  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:

Not present                                Not present

**Proceedings (In Chambers):        Order to Show Cause Why Defendants Vigor Plus and Victory Square LLC Should Not be Dismissed for Failure to File Proofs of Service**

On November 5, 2025, Luz Zendejas ("Plaintiff") filed a complaint against Defendants Vigor Plus and Victory Square LLC ("Defendants").  Dkt. No. 1.  On November 7, 2025, the Clerk issued a summons for Defendants. Dkt. No. 6.  Plaintiff filed a proof of service for Vigor Plus.  Dkt. No. 9.  On December 16, 2025, after reviewing the proof of service, the Court issued the following text only entry:

> The proof of service filed December 11, 2025, Dkt. No. 9, purports to show substitute service of the summons, complaint, and Notice of Assignment on Defendant Vigor Plus.  However, since Vigor Plus appears to be an entity, the proof of service must state the name of the authorized agent who was served by substitute service.  This information is missing in item 3b of the proof of service Plaintiff filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-CV-10628-PD                    Date: February 6, 2026

Title    *Luz Zendejas v. Vigor Plus, et al.*

Dkt. No. 10.

Since then, Plaintiff has not filed a corrected proof of service for Vigor Plus.  Neither has Plaintiff filed a proof of service of the summons, complaint and Notice of Assignment and Declination of Consent, Dkt. No. 5, on Defendant Victory Square LLC.

More than ninety days have passed since Plaintiff filed the complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, by **February 20, 2026**, why proper service was not timely made on Defendants Vigor Plus and Victory Square LLC, and why this case should not be dismissed without prejudice for failure to effectuate service and for lack of prosecution.  Failure to timely file a written response to this Order may result in dismissal of this action against Vigor Plus and Victory Square LLC for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order.  *See* Fed. R. Civ. P. 41(b).  Plaintiff may discharge this Order by filing proofs of service that comply with the applicable rules.

**IT IS SO ORDERED**.